UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ADAM NOOR,

       Plaintiff,     **MEMORANDUM AND ORDER**

   -against-        03-CV-594 (ARR)

UNITED STATES OF AMERICA,

       Defendant.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

  Currently pending before this Court is the calculation of the sanction to be imposed on plaintiff's counsel, Paul Matthews, for his discovery violations. Specifically, on September 30, 2004, the Court awarded defendant "the fees and costs of the additional litigation resulting from that misconduct . . . ." 9/30/04 Calendar Order at 1; see Transcript of Telephone Conference on 9/30/04 at 17 (awarding defendant "the cost of the additional litigation that was generated as a result of plaintiff's counsel's misconduct.").

  In sanctioning Mr. Matthews, and vacating its prior preclusion order, the Court indicated that the amount of the sanction would be measured by the additional fees and costs already incurred by the defense in seeking to enforce its discovery rights. See generally id. at 17-19. However, instead of furnishing the Court with timesheets reflecting charges for work such as defense counsel's preparation of correspondence, and participation in conferences, leading up to September 30th ruling, the defense submitted "daily time entries detailing the additional hours expended [on and *after* September 30, 2004] by reason of the reopening of discovery." 12/21/04 Letter to the Court from William F. Losquadro, at 1. That was not what the Court was seeking, nor is it the appropriate measure of the sanction. See, e.g., Fed. R. Civ. P. 37(a)(4)(A) (where a

party fails to provide discovery without substantial justification, the court, in addition to granting a motion to compel, is authorized to sanction the recalcitrant party and/or its counsel by requiring either or both "to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . ."); Fed. R. Civ. P. 37(b)(2) (when a party "fails to obey an order to provide or permit discovery," the court, in addition to or in lieu of other sanctions, may require that party, its attorney, or both, to "pay the reasonable expenses, including attorney's fees, caused by the failure . . . ."); Creative Resources Group of N.J., Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103-04 (E.D.N.Y. 2002) (ordering defendant to pay the "costs incurred both in making motions to compel and in seeking to have the orders that flowed from those motions enforced," but denying reimbursement of those fees that "would have been incurred in the course of normal discovery," such as the costs incurred in connection with a specified deposition); Hollingsworth v. City of New York, No. 95 Civ. 3738 (RWS), 1997 WL 91286, at *4 (S.D.N.Y. Mar. 4, 1997) (ordering plaintiff's counsel to pay defendant's "reasonable expenses, including attorney's fees, associated with seeking compliance with discovery orders."); see generally JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03Civ.5562 JGKAJP, 2005 WL 1958361 (S.D.N.Y. Aug. 16, 2005).

     Accordingly, the defense is directed to file by ECF, by October 31, 2005, time records detailing the hours spent by defense counsel, up until September 30, 2004, seeking compliance with plaintiff's discovery obligations and court orders. Plaintiff's counsel shall have until November 3, 2005, to file by ECF any challenge to the reasonableness of the time charges.[1]

---

[1] Plaintiff's counsel's submission should be limited to the calculation of the sanction; the Court
(continued...)

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**October 26, 2005**

                                           **ROANNE L. MANN**
                                           **UNITED STATES MAGISTRATE JUDGE**

---

[1](...continued)
will hear no further argument on the propriety of the Court's ruling of September 30, 2004.